UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF KENTUCKY
                          CENTRAL DIVISION
                             LEXINGTON

CHRISTOPHER M. MAJOR,           )
                                )
        Petitioner,             )    Civil No. 5: 14-277-JMH
                                )
V.                              )
                                )
DON BOTTOM, WARDEN,             )    **MEMORANDUM OPINION**
                                )         **AND ORDER**
        Respondent.             )
                                )


                     ***   ***   ***   ***

Christopher M. Major is a prisoner confined at the Northpoint Training Center in Burgin, Kentucky. Proceeding without an attorney, Major has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 [R. 1] and a motion to waive payment of the filing fee. [R. 2]

Documents filed by Major indicate that over $750.00 has been deposited into his inmate account over the last six months, providing him with sufficient funds to pay the $5.00 filing fee. The Court will deny Major's fee motion, and direct prison officials to pay the $5.00 filing fee out of his inmate account.

The Court conducts an initial review of habeas corpus petitions. 28 U.S.C. § 2243; *Alexander v. Northern Bureau of Prisons*, 419 F. App'x 544, 545 (6th Cir. 2011). The Court must deny the petition "if it plainly appears from the petition and

                                1

any attached exhibits that the petitioner is not entitled to relief." Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts (applicable to § 2241 petitions pursuant to Rule 1(b)). The Court evaluates Major's petition under a more lenient standard because he is not represented by an attorney. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Burton v. Jones*, 321 F.3d 569, 573 (6th Cir. 2003). At this stage, the Court accepts the petitioner's factual allegations as true, and his legal claims are liberally construed in his favor. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007).

The factual and procedural background set forth below is derived from Major's petition and from prior cases he has filed with this Court. On April 26, 2008, Major pled guilty in the Circuit Court of Jessamine County, Kentucky, to a four-count indictment charging him with (1) driving under the influence – his fourth or subsequent offense within a five-year period; (2) driving under the influence with a suspended license – second offense; (3) receiving stolen property worth over $300.00; and (4) being a first-degree persistent felony offender. The Jessamine Circuit Court imposed a 15-year sentence in light of the PFO enhancement. Major recently filed a motion requesting resentencing pursuant to Ky. Rev. Stat. 532.080(3), which the Circuit Court denied on March 20, 2014. *Commonwealth v. Major*, No. 07-CR-190 (Jessamine Cir. Ct. 2007). *See Major v. Kentucky*,

No. 5: 14-188-JMH (E.D. Ky. 2014) [R. 1-1, p. 1-8 therein] (hereinafter *Major I*).

Major then filed a "Notice of Removal" of that action to this Court on May 14, 2014, seeking immediate release pursuant to a number of federal statutes, including 28 U.S.C. § 2254. *Major I* [R. 1 therein]. On June 3, 2014, Major also filed in that action a "Motion for Relief Pursuant to Rule 60," [R. 4 therein]; a "Motion to Vacate Pursuant to the U.S. Const., Federal Civil Judicial Procedure and Rules, and the Emancipation Proclaimation (*sic*)," [R. 5 therein]; a "Motion for Assitance (*sic*) of Counsel," [R. 6 therein]; a "Demand for Jury Trial Pursuant to Rule 38," [R. 6-1 therein]; and a "Petition for Declaration of Rights Pursuant to 28 U.S.C. § 2241," [R. 7 therein] These motions were received in this Court and docketed in *Major I* on June 11, 2014.

Before the motions were received, this Court dismissed and remanded that action on June 5, 2014, noting that Major's notice of removal under 28 U.S.C. § 1455 was untimely; failed to allege a deprivation of constitutional rights predicated upon racial discrimination under 28 U.S.C. § 1443(1); and was unwarranted because his criminal prosecution was no longer pending. [R. 3 therein (*citing Major v. Com.*, No. 2008-CA-001855-MR, 2009 WL 4060490 (Ky. App. Nov. 25, 2009))]. Major filed a notice of appeal from that decision on June 19, 2014. [R. 8 therein] The

Court then denied Major's five ancillary motions on jurisdictional and substantive grounds on June 25, 2014. [R. 10 therein]

Following the dismissal of his case, on June 16, 2014, Major sent new photocopies of his motions for relief – identical in all respects to the ones he filed in *Major I* except for the omission of the prior case number – in three separate envelopes. Each envelope contained a copy of his "Demand for Jury Trial Pursuant to Rule 38"; one contained Major's "Motion for Relief Pursuant to Rule 60," which was docketed as *Major v. Kentucky*, No. 5: 14-cv-250-KKC (E.D. Ky. 2014); a second contained Major's "Petition for Declaration of Rights Pursuant to 28 U.S.C. § 2241," which was docketed as *Major v. Kentucky*, No. 5: 14-cv-251-DCR (E.D. Ky. 2014); and a third contained Major's "Motion to Vacate Pursuant to the U.S. Const., Federal Civil Judicial Procedure and Rules, and the Emancipation Proclaimation (*sic*)," which was docketed as *Major v. Kentucky*, No. 5: 14-cv-252-KKC (E.D. Ky. 2014). All three of those cases were promptly dismissed, in each case the Court advising Major that his motion was improper and that he must challenge his state convictions pursuant to 28 U.S.C. § 2254. In Case No. 14-251-DCR, the Court specifically advised Major that he could not seek relief pursuant to 28 U.S.C. § 2241, and declined to consider

recharacterization of his petition to § 2254 because it appeared to be time barred. [R. 4 therein at p. 3-4]

Just days later, Major filed two new habeas petitions. In the present action under § 2241, Major again contends that his 2008 convictions are invalid on the same substantive, procedural, and jurisdictional grounds previously asserted, although he provides only conclusory legal assertions unsupported by any factual basis for his claims. [R. 1, p. 3-6] On the same day, Major filed a petition under § 2254 challenging his convictions in similarly conclusory terms. *Major v. Kentucky*, No. 5:14-278-JMH-CJS (E.D. Ky. 2014).

The Court has previously advised Major on three separate occasions that he must seek relief from his Kentucky convictions only under 28 U.S.C. § 2254. *See Greene v. Tennessee Dep't of Corr.*, 265 F.3d 369, 371 (6th Cir. 2001) ("§ 2254 [is] the exclusive vehicle for prisoners in custody pursuant to a state court judgment who wish to challenge anything affecting that custody ..."). While he has taken that step, it is clear that this action under § 2241 must be dismissed as procedurally improper for the same reasons stated in *Major v. Kentucky*, No. 5: 14-cv-251-DCR (E.D. Ky. 2014).

The Court separately notes that Major's filing this petition under § 2241 – in the face of three prior orders from this Court clearly indicating that doing so would be improper –

renders it frivolous.  Should Major persist in such conduct, the Court will not hesitate to impose sanctions, which may include the imposition of fines, as well as restrictions upon his right to file actions in this Court in the future.  *Chambers v. NASCO, Inc.*, 501 U.S. 32, 43-46 (1991).

Accordingly, **IT IS ORDERED** that:

1.  Major's motion to waive payment of the $5.00 filing fee [R. 2] is **DENIED**.

2.  The Clerk of the Court shall complete a Notice of Payment Form  (Form EDKy 525) with (a) Major's name, (b) his inmate registration number, and (c) this case number.  The Clerk shall send a copy of this Order and the Notice of Payment Form to the warden of the institution in which Major is currently confined.

3.  Major's custodian shall pay the $5.00 filing fee to the Clerk of the Court using funds from Major's inmate trust fund account, but only if the amount in the account exceeds $10.00.

4.  Major's petition for a writ of habeas corpus [R. 1] is **DENIED**.

5.  The Court will enter a judgment contemporaneously with this order.

6.  This matter is **STRICKEN** from the docket.

This the 14th day of July, 2014.



Signed By:
*Joseph M. Hood* JMH
Senior U.S. District Judge